## BIRD v. PATE, Administrator.

After a plea of prescription by an administrator, in an action against him for a debt due by the succession, it is too late to urge that the suit was prematurely brought, he never having refused to acknowledge the debt.

Notes payable to the order of minors, not being transferable by endorsement or delivery so long as the minority lasts, are not subject to the prescription of five years.

Where one who is under-tutor to a minor, borrows funds belonging to him, his responsibility, so far as he holds funds belonging to the minor, cannot be distinguished from that of the tutor; nor can the nature of that responsibility be changed by the form in which he may choose to put the debt.

Creditors cannot plead a prescription which would not have availed the debtor if pleaded by him.

APPEAL from the District Court of East Baton Rouge, *Penn*, J. *Bennett*, for the plaintiff. *Ratliff* and *Cowgill*, for the appellant. The judgment of the court was pronounced by

Rost, J. *David Pate*, being the under tutor of the plaintiff and of his sister *Adelia Bird*, borrowed from their tutor three different sums of money, and gave for them three promissory notes payable to the order of the minors; the last of those notes bears date the 26th January, 1843, and became due on the 4th January, 1844. To secure the payment of these loans, *Pate* and his wife executed mortgages in favor of the minors before the parish judge acting as notary public, and certificates of that officer that such mortgages had been passed before him, stating the sums for which they were given, and containing a full description of the property mortgaged, were inscribed in the office of the recorder of mortgages. *David Pate* died, leaving the notes unpaid, and the defendant was appointed administrator of his succession.

In 1846, *Adelia* was emancipated by marriage, and the plaintiff was also emancipated under the provisions of the act of 1829. A partition of the succession of their father having been made between them, the notes of *Pate* fell to the share of the plaintiff, who instuted the present action upon them, in which he prays for a judgment with privilege on the proceeds of the property mortgaged, which is admitted to have been sold. The defendant pleaded the want of registry of the mortgage, and the prescription of five years. After the case had been tried on this issue, and judgment rendered in favor of the plaintiff, the defendant died, and the plaintiff himself was appointed administrator of the succession of *David Pate*. At this stage of the proceedings, *W. D. Baker*, alleging himself to be a judgment creditor of *David Pate*, took a devolutive appeal.

29

SUPREME COURT OF LOUISIANA.

BIRD
v.
PATE.

It is admitted that the appellant is a mortgage creditor as alleged by him, and that his mortgage was inscribed on the 21st October, 1846. It is further admitted that the succession is insolvent, and that the proceeds of the property mortgaged are not sufficient to satisfy the two mortgages. Under these admissions, we consider the appeal as properly before us.

It has been urged in argument that the suit was prematurely brought, the administrator never having refused to acknowledge the debt. The plea of prescription filed by him is a sufficient answer to that exception.

On the merits: The last note of *Pate* shows that the plaintiff and his sister were both minors at its date, which is less than five years before the service of the citation in this case. The two first notes being made payable to the order of the minors, were not transferrable by endorsement or delivery, as long as the minority lasted, and the time elapsed since their majority is not sufficient to sustain the plea of prescription. Besides this, *Pate* was under-tutor of the minors; and, so far as he held funds belonging to them, we cannot distinguish his responsibility from that of the tutor. The nature of his responsibility cannot be changed by the form in which he may choose to put his indebtedness. It is urged that although *Pate* might not have pleaded this prescription, his creditors may. Creditors can plead no prescription which would not avail the debtor, if pleaded by himslf.

We are of opinion that the amount claimed by the plaintiff is still due, but that the action of the court ordering that amount to be paid by privilege was premature. The judgment should have been for the amount claimed, to be classed in the general settlement of the succession; and must, therefore, be reversed.

It is ordered that, the judgment in this case be reversed. It is further ordered that the plaintiff be recognized as the creditor of the succession of *David Pate*, deceased, for the following sums; 1st. Two thousand five hundred and sixteen dollars, with interest at the rate of ten per cent per annum from the 7th January, 1841, till paid. 2d. Three thousand eight hundred and thirty-two dollars and forty cents, with interest at the rate of ten per cent per annum from the 7th January, 1842, till paid. 3d. Three thousand five hundred dollars, with interest at the rate of ten per cent per annum from the 4th January, 1842, till paid. It is further ordered that, the rights of the plaintiff on the proceeds of the property alleged to have been mortgaged to him, be reserved, and that this judgment be classed in the general settlement of the succession. It is further ordered that, the succession of *David Pate* pay the costs in both courts.